UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHANIE HARRIMAN,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

No. C 12-4929 PJH

**ORDER GRANTING MOTION TO DISMISS**

The motion of defendant Wells Fargo Bank, N.A. ("Wells Fargo") to dismiss the complaint came on for hearing before this court on January 9, 2013. Plaintiff Stephanie Harriman, who is represented by counsel, failed to oppose the motion and also failed to appear at the hearing. Wells Fargo appeared through its counsel, Michael Rapkine. Having read Wells Fargo's papers and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court GRANTS defendant's motion to dismiss, as follows for the reasons stated at the hearing.

    1.    Plaintiff is judicially estopped from prosecuting each of her claims, because she did not include them on schedules as an asset in recent bankruptcy proceedings. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001) ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent

asset."). Here, plaintiff filed a Chapter 7 bankruptcy petition in February 2012 and received a discharge of her pre-petition debts on August 3, 2012. After failing to disclose any potential claims and benefiting from bankruptcy protection, plaintiff filed the instant action on August 17, 2012.

2. The complaint fails to state a claim for fraud because (i) this state law claim is preempted by the Home Owners' Loan Act; (ii) Wells Fargo did not make a misrepresentation, for plaintiff concedes that she was repeatedly evaluated for a loan modification over a two-year period; (iii) this claim is not pled with any specificity; and (iv) plaintiff fails to plead the other elements of fraud.

3. The complaint fails to state a claim for promissory estoppel because (i) this state law claim is preempted by the Home Owners' Loan Act; (ii) plaintiff fails to allege a clear and unambiguous promise; (iii) the complaint does not sufficiently allege a change in plaintiff's position; and (iv) this claim is barred by contract.

4. The complaint fails to state a claim for negligence because (i) this state law cause of action is preempted by the Home Owners' Loan Act; and (ii) as a matter of law, a lender does not owe a duty of care to its borrowers.

5. The complaint fails to state a claim for negligent misrepresentation because (i) this state law cause of action is preempted by the Home Owners' Loan Act; (ii) this claim is simply a species of fraud and therefore fails for the same reasons as the first cause of action; and (iii) as with the negligence claim, plaintiff cannot impute a duty of care to Wells Fargo.

6. The complaint fails to state a claim for wrongful foreclosure because (i) this state law claim is preempted by the Home Owners' Loan Act; (ii) judicially noticeable documents demonstrate that Wells Fargo has a clear right to conduct foreclosure proceedings; (iii) the allegations regarding a purported violation of the Home Affordable Modification Program ("HAMP") must be disregarded, for HAMP does not apply to plaintiff's $1.9 million loan; (iv) California's foreclosure statutes were not violated, for plaintiff readily concedes that Wells Fargo evaluated her for a loan modification over a two-year period;

(v) even if plaintiff could cite a flaw in the foreclosure process, "hyper-technical" defects are not grounds for a wrongful foreclosure claim; and (vi) plaintiff's inability to tender his debt vitiates this claim.

7. The complaint fails to state a claim for unfair competition because (i) this state law cause of action is preempted by the Home Owners' Loan Act; (ii) plaintiff alleges no facts showing that Wells Fargo engaged in unlawful, unfair or fraudulent conduct; (iii) to the extent this UCL claim is predicated on alleged fraud, it is not pled with specificity; (iv) plaintiff lacks standing to bring a UCL claim; and (v) plaintiff's lack of tender vitiates this claim.

8. In light of the defects that plague each claim, and in the absence of any argument by plaintiff's counsel identifying any allegations capable of amendment, this dismissal is WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: January 14, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge